**Judith ELDRED, Plaintiff,**

**v.**

**CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, Defendant.**

**Civ. A. No. 93–30095–MAP.**

United States District Court, D. Massachusetts.

Dec. 8, 1995.

Thomas J. Oppenheimer, Springfield, MA, for Plaintiff.

Richard U. Stubbs, Jr., Presser, Jay M. Presser and Rosemary J. Nevins, Skoler, Abbott & Presser, P.C., Springfield, MA, for Defendant.

*MEMORANDUM REGARDING DAMAGES AND PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES AND COSTS AND FOR PREJUDGMENT INTEREST*

(Docket Nos. 51 & 52)

PONSOR, District Judge.

## I. *INTRODUCTION*

In January 1995, this court conducted a bench trial on plaintiff's three-count complaint brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* On August 31, 1995, based upon its findings and conclusions, the court ordered entry of judgment in favor of defendant on Counts I and III and in favor of plaintiff on Count II (gender discrimination).

The purpose of this memorandum is to address the appropriate award of damages and plaintiff's motions for prejudgment interest, fees, and costs.

## II. *DAMAGES*

Under Title VII, the court may award to a prevailing plaintiff "such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay ..., or any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e–5(g)(1).

The court will award back pay to plaintiff. In calculating an award of back pay, "[i]nterim earnings or amounts earnable with reasonable diligence by the person ... discriminated against shall operate to reduce the back pay otherwise allowable." *Id.*

■ Collateral benefits received by plaintiff during the back pay period will not operate to reduce her award. *See Lussier v. Runyon*, 50 F.3d 1103, 1109 (1st Cir.1995) (suggesting, in *dicta*, that exclusion of collateral benefits from back pay award is within district court's discretion). Other earnings will be deducted. The court is persuaded that plaintiff has made reasonable efforts to mitigate her damages.

■ Plaintiff demonstrated at trial her determination to fill the linehaul supervisor position, and given reasonable accommodations, the court believes her injuries would not have disabled her from doing so. Therefore, plaintiff's back pay award will be based on the earnings she would have received as a linehaul supervisor from the date of her termination to entry of judgment.

The court will therefore award back pay in the amount of $187,554.00. This amount ac-

counts for wages plaintiff would have received as a linehaul supervisor over the backpay period ($379,791.00) less actual wages earned over the same period ($192,237.00). *See* Plaintiff's Trial Ex. 39.

Plaintiff is further entitled to back pay from February 1, 1995 to the present. The difference between plaintiff's expected average monthly earnings of $3468.40 at Consolidated and her actual average monthly earnings of $2748.25 is approximately $720.00. *See id.* Using this figure, the court will award $7385.00 in damages from February 1, 1995 to December 8, 1995.

■ In addition to back wages, plaintiff seeks compensation for lost health and life insurance, and lost pension and stock plan benefits. Unfortunately, plaintiff has offered no evidence to indicate the value of her lost benefits, and the court will not award compensation on the basis of speculation.

Plaintiff notes that she has contributed up to $40.00 per month toward health insurance since she left Consolidated. She does not indicate, however, how much she contributed toward health insurance as a Consolidated employee, or how much a linehaul supervisor at Consolidated could be expected to contribute today. With respect to her other lost benefits, plaintiff offers even less. She indicates that she currently has no pension plan, no stock plan, and "less" life insurance. However, the court cannot award compensation without some means of making a reasonable comparison between plaintiff's lost and interim benefits.[1]

■ Plaintiff also seeks reinstatement in defendant's employ. Reinstatement is not appropriate here, as defendant has eliminated the linehaul department in which plaintiff formerly worked. *See Neufeld v. Searle Laboratories,* 884 F.2d 335, 341 (8th Cir. 1989) (reinstatement avoided if employer shows changed conditions would have ended plaintiff's employment). There is simply no comparable job to reinstate plaintiff into.

■ In the alternative, plaintiff seeks an award of front pay. Such an award is within the discretion of the court. *Lussier,* 50 F.3d at 1108. However, given the lengthy period of damages and the potentially speculative inquiry into front pay, the court is satisfied that the award of back pay alone will make plaintiff whole and fairly consider the interests of both parties.

### III. *PREJUDGMENT INTEREST*

■ The decision to award prejudgment interest is also in the court's discretion. *Earnhardt v. Com. of Puerto Rico,* 744 F.2d 1, 3 (1st Cir.1984). If prejudgment interest is awarded, it should be limited to the plaintiff's tangible losses. *Colon Velez v. Puerto Rico Marine Management, Inc.,* 957 F.2d 933, 941 (1st Cir.1992).

■ The court finds that an award of prejudgment interest is necessary to effectuate Title VII's policy of fully compensating the prevailing plaintiff. Prejudgment interest will accrue on plaintiff's entire award of back pay from July 1, 1985 to the date of entry of judgment. Because plaintiff prevailed on a federal claim, prejudgment interest will be calculated under the federal judgment interest rate, or about 8%. *See Denton v. Boilermakers Local 29,* 673 F.Supp. 37, 51 (D.Mass.1987).

### IV. *ATTORNEY'S FEES AND COSTS*

■ Where a plaintiff brings multiple claims involving a common core of facts and related legal theories, and prevails on some but not all of her claims, she is entitled to compensation for all attorney's fees reasonably incurred in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940–41, 76 L.Ed.2d 40 (1983).

■ At trial, plaintiff produced evidence probative of her retaliation claims, which established essential background facts to reach a finding of gender discrimination. Specifically, plaintiff's filing of an equal pay claim began a chain of events resulting in her discharge and denial of rehiring on the basis of her gender. Plaintiff is therefore entitled to a full award of attorney's fees.

1. In her post-trial memorandum on damages, plaintiff notes that John Bubriski's benefit records may serve as a guide for the court in this respect. These records are not in evidence.

An award of attorney's fees is calculated as the number of hours reasonably expended multiplied by a reasonable hourly rate. Attorney Oppenheimer's expenditure of 258.85 hours on this litigation is fair, given the complexity of the issues and the excellent result. Likewise, the suggested rate of $175.00 is reasonable for services rendered.

The court will therefore award $45,298.75 in fees and $1635.03 in costs to plaintiff.

### V. CONCLUSION

For the foregoing reasons, the plaintiff's motion for Attorney's Fee and Costs is ALLOWED. The court will award $194,939.00 in damages, $45,298.75 in fees, and $1635.03 in costs to plaintiff. The plaintiff's Motion for Prejudgment Interest is also allowed at 8% from July 1, 1985 to the date of entry of judgment. Postjudgment interest will run on the entire award, including fees and costs, from the date of judgment forward.